HARRIS, J.
Burgos was convicted of lewd and lascivious molestation of a child under twelve. Because the State failed to offer proof of Burgos’ age (thirty years old), the court entered a conviction as one for a person under eighteen. This was a second degree felony. The court then sentenced defendant as an habitual violent felony offender to thirty years in prison based on his prior Illinois conviction for “armed violence.”[1] Appellant argues, the State concedes and we agree that the Illinois conviction is not analogous to a Florida qualifying offense under the Habitual Violent Felony Offender Act, and the sentence is reversed with *1253 instructions to resentence Burgos to any lawful sentence.
REVERSED and REMANDED.
PETERSON and PLEUS, JJ„ concur.

. This offense provides: "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois law.”